IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Diane S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-1505 |
| v. | ) |
| | ) Magistrate Judge Jantz |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff, Diane S.'s, application for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's final decision [dkt. 1, Compl.; dkt. 13, Pl.'s Brief; dkt 22, Pl.'s Reply] is granted, and the Commissioner's Motion for Summary Judgment [dkt. 18, Def.'s Mot.; dkt. 19, Def.'s Memo] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been substituted for her predecessor.

## BACKGROUND

**I.      Procedural History**

On March 19, 2019, Plaintiff filed a claim for DIB, alleging disability since June 9, 2009, due to attention-deficit disorder, bipolar, anxiety, depression, and gastrointestinal issues. [Dkt. 10-1, R. 74]. Plaintiff's claim was denied initially on July 2, 2019, and again upon reconsideration on December 12, 2019. [R. 85; 100-01]. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 25, 2020. [R. 15; 34-85]. At the hearing, Plaintiff amended her alleged onset of disability to November 8, 2019. [R. 15; 42]. Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 34-85]. Vocational expert ("VE") Thomas Dunleavy also testified. [R. 63-71]. On October 6, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 12-33]. The Social Security Administration Appeals Council denied Plaintiff's request for review on January 13, 2021, leaving the ALJ's decision as the final decision of the Commissioner. [R. 1-6].

**II.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 12-33.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity ("SGA") since her amended alleged onset date of November 8, 2019. [R. 17]. At step two, the ALJ concluded that Plaintiff had the following severe impairments: mood disorder characterized as bipolar disorder and major depressive disorder; anxiety and panic disorder; diabetes mellitus type II; irritable bowel syndrome; neuropathy and an alcohol use disorder. [R. 17]. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal one of the Social

2

Security Administration's listings of impairments (a "Listing"). [R. 18]. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can frequently climb ramps or stairs, balance, stoop, crouch, kneel and crawl; can frequently reach, handle objects (gross manipulation) and finger (fine manipulations); must avoid concentrated exposure to dangerous moving machinery; must avoid all exposure to unprotected heights; limited to simple and routine tasks in work performed at a variable rate[3] and with no strict hourly rate production requirements; may not involve tandem tasks; can tolerate no interaction with the public in the work setting. [R. 20]. At step four, the ALJ concluded that Plaintiff would not be able to perform her past relevant work. [R. 26]. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 27].

## DISCUSSION

**I.     Judicial Review**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during

---

[3] Variable rate is defined as work in which no machine sets the pace of production and involves no assembly line work. [R. 20].

3

the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

4

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**II.    Analysis**

Plaintiff argues, among other things, that the ALJ erred in evaluating the June 2020 medical source statement (the "Statement") [R. 677-79] of Dr. Syed Anwar, M.D. [Dkt. 13 at 5; dkt. 22 at 2]. After reviewing the record and the briefs submitted by the Parties, the Court finds that the ALJ did err in evaluating the Statement. Because this alone warrants remand, the Court does not reach Plaintiff's additional arguments.

The Court agrees with Plaintiff that the ALJ did not provide enough support to discredit the Statement. [Dkt. 13 at 5-7; R. 26]. "An ALJ must explain why he does not credit evidence that would support strongly a claim of disability, or why he concludes that such evidence is outweighed by other evidence." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 621 (7th Cir. 2010) (citations omitted); *see also Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 488 (7th Cir. 2007) ("We require an

5

explanation of why strong evidence favorable to the plaintiff is overcome by the evidence on which an ALJ relies.").

The Statement, if taken at face value, strongly supports a claim of disability. For one, it notes that Dr. Anwar would anticipate Plaintiff to miss work more than three times a month due to her "impairments or treatment." [R. 678]. This adds up to at least 36 absences over a 12-month period, and the VE testified that employers expect "no more than 10 days of absences over a 12-month period." [R. 69]. Additionally, the Statement notes that Plaintiff has marked limitations in several mental abilities and aptitudes needed to do unskilled work. [R. 678]. Because the Statement would strongly support a claim of disability, the ALJ was required to explain why he chose not to credit it, or why it was outweighed by other evidence. *See O'Connor-Spinner*, 627 F.3d at 621; *Giles*, 483 F.3d at 488.

The ALJ gave two reasons for discrediting the Statement: 1) because the Statement does not include any mention of Plaintiff's alcohol abuse, and 2) because the Statement is inconsistent with other medical exams and treatment notes. [R. 26]. While the ALJ provided these two reasons in his decision, he did not substantiate his reasoning, as he does not explain how or why they led him to discredit the Statement.

First, the ALJ's conclusion that the Statement should be discredited because it did not mention Plaintiff's alcohol use does nothing to actually explain *why* the Statement should be discredited. Why does the failure of the Statement to mention Plaintiff's alcohol use make it less credible? How does it make it less credible? The ALJ did not answer these questions in his decision, though there are many reasons why the Statement might not have mentioned alcohol, and not all of them would necessarily go towards discrediting the Statement. For example, Dr. Anwar might have considered all the evidence (including what he learned about Plaintiff's alcohol

6

use over his 8 years of treating Plaintiff) and concluded that Plaintiff's symptoms and/or limitations noted in the Statement were not related to her alcohol use. To be certain, the Court cannot and will not substitute its judgment for the ALJ's judgment, or reweigh the evidence; perhaps, the Statement's failure to mention alcohol use was a logical reason to discredit it. But regardless, the ALJ was required to provide some explanation, and merely stating the fact that the Statement does not mention Plaintiff's alcohol use is not an adequate explanation. *See Giles*, 483 F.3d at 487 (7th Cir. 2007) ("Such a conclusion standing alone does not sufficiently articulate the ALJ's assessment of the evidence as we have repeatedly required.").

The ALJ also discredited the Statement because he found that it was "inconsistent with [Dr. Anwar's] medical exams and treatment notes which show [Plaintiff] was anxious but exhibited fair energy and [a] clear thought process." [R. 26]. The ALJ was allowed to discredit Dr. Anwar's opinion if it was inconsistent internally or otherwise, but he was required to minimally articulate his reason for doing so. *See Hoagland v. Colvin*, No. 13 CV 705, 2014 WL 4652348, at *5 (N.D. Ill. Sept. 18, 2014). Here, the ALJ failed to minimally articulate why the Statement was inconsistent with itself and/or other evidence, or even identify what inconsistencies exist. How is the fact that Plaintiff had fair energy and a clear thought process (but was also still anxious) at certain visits with Dr. Anwar inconsistent with the findings in the Statement? Or are there other inconsistencies the ALJ relied on to discredit the Statement? The Court does not know based on the decision, and the records the ALJ cites to [R. 571-88 (Ex. 9F), 697-715 (Ex. 16F)] do not offer an explanation either. [R. 26]. On the contrary, the cited records seem to show several consistencies with the Statement – sleep disturbance, anxiety, difficulty concentrating, and Plaintiff's inability to complete a normal workweek are all noted in the records the ALJ cited to and in the Statement. Again, it is not for the Court to weigh this evidence or determine the credibility of the Statement.

7

But these apparent consistencies illustrate why the ALJ needed to give more explanation than merely concluding inconsistencies exist and citing to limited medical records.

The ALJ did not properly explain either of his reasons for discrediting the Statement, which strongly supported Plaintiff's claim of disability, and therefore the ALJ failed to "build an accurate and logical bridge between the evidence and the result [so as] to afford [Plaintiff] meaningful judicial review of the administrative findings," requiring remand. *Beardsley*, 758 F.3d at 837; *see also Jarnutowski*, 48 F.4th at 773.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's final decision [dkt. 1, Compl.; dkt. 13, Pl.'s Brief; dkt 22, Pl.'s Reply] is granted, and the Commissioner's Motion for Summary Judgment [dkt. 18, Def.'s Mot.; dkt. 19, Def.'s Memo] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: December 4, 2023

BETH W. JANTZ
United States Magistrate Judge